900 F.2d 250
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clarence O. CARROLL, Petitioner,
v.
WESTMORELAND COAL COMPANY, INC.; Director, Office of
Workers Compensation Programs, United States
Department of Labor, Respondents.
 No. 89-1449.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 25, 1989.
Decided: March 28, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (OWCP No. pit-lb-lkib
 Richard G. Rundle, Rundle & Rundle, LC, Pineville, W.V., for petitioner.
 Douglas A. Smoot, Jackson, Kelly, Holt & O'Farrell, Charleston, W.V.; Steven D. Breeskin, Deputy Commissioner, Barbara E. Walsh, Rae Ellen Frank James, Office of the Solicitor, United States Department of Labor, Washington, D.C., for respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Clarence O. Carroll, claimant, appeals the Benefit Review Board's ("BRB") affirmance of an administrative law judge's ("ALJ") determination denying benefits on a claim filed pursuant to the provisions of the Federal Coal Mine Health and Safety Act of 1969 ("ACT"), as amended, 30 U.S.C. Secs. 901 et seq. Finding no error, we affirm.
 
 
 2
 In 1982, after over forty years of work in various coal mines, the claimant retired and filed for Department of Labor black lung benefits, alleging that he suffered from occupational pneumoconiosis (black lung disease) as defined by 20 C.F.R. part 718.201. The Department issued a Notice of Initial Finding that the claimant was eligible for benefits on June of 1984. Westmoreland Coal Company, claimant's former employer, contested this decision and the claim was referred to an ALJ. After reviewing the findings of doctors who studied X-rays of the claimant, the ALJ found that the claimant had not established that he was totally disabled by the disease as required by 20 C.F.R. part 71B.204(c)(1) or (2) and therefore did not qualify for disability benefits.
 
 
 3
 This conclusion was based on 31 medical reports of record which presented conflicting evidence with regard to the issue of claimant's total disability. Of these reports, seven found evidence of total disability, and twenty found evidence of only simple pneumoconiosis, a non-qualifying disorder associated with long-term coal mining. Each report was based upon a reading of the same X-ray. In reaching his conclusion, the ALJ noted that under the Act, the burden rests squarely on the claimant to prove complicated pneumoconiosis by a preponderance of the evidence. The ALJ was impressed by the number of negative findings which were compatible with the lack of support for a finding of total disability yielded by blood gas and pulmonary studies performed by a Dr. Zaldivar, one of the X-ray readers.
 
 
 4
 As a court of review, the scope of our inquiry is limited as we examine only for errors of law and will overturn administrative findings only when they are not supported by substantial evidence. Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469 (1947). Here, the ALJ was presented with conflicting medical evidence. In giving greater weight to a particular medical opinion, the ALJ gave an adequate explanation for doing so. We find that the decision of the ALJ was supported by substantial evidence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED